IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHANIEL R., | : | CIVIL ACTION |
|     Plaintiff | : | |
| v. | : | |
| | : | |
| FRANK BISIGNANO,[1] | : | |
| Commissioner of the Social | : | |
| Security Administration, | : | |
|     Defendant | : | NO. 24-6785 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                                          June 23, 2025

       Nathaniel R., ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Plaintiff has filed a brief in support of his request for review, the Commissioner has responded to it and Plaintiff has filed a reply. For the reasons set forth below, Plaintiff's request for review is granted.

**I.     PROCEDURAL HISTORY**[2]

       On March 24, 2022, Plaintiff applied for DIB, alleging that his disability commenced on April 16, 2021. R. 17. The claim was denied initially and upon reconsideration; therefore, Plaintiff requested a hearing. *Id.* On January 25, 2024, Plaintiff's telephonic hearing was conducted by Vivian McAneney, Administrative Law Judge ("the ALJ"); Plaintiff, represented by his prior

---

[1] Frank Bisignano became the Commissioner of Social Security, on May 7, 2025. Pursuant to Rule 25(d)(a) of the Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this case. No further action need be taken to continue this action, pursuant to section 205 of the Social Security Act. 42 U.S.C. § 405(g).
[2] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply ("Reply"), and the administrative record. ("R.").

attorney, and Donna Nealon, a vocational expert, ("the VE") testified at the hearing. *Id.* On August 12, 2024, the ALJ, using the sequential evaluation process ("SEP") for disability,[3] issued an unfavorable decision. R. 17-30. The Social Security Administration's Appeals Council denied Plaintiff's request for review, on November 6, 2024, making the ALJ's findings the final determination of the Commissioner. R. 1-3. Plaintiff presently seeks judicial review, and the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.    FACTUAL BACKGROUND

A.    <u>Personal History</u>

Plaintiff, born on February 4, 1979, has a high school education and worked for many years as an airplane and automobile mechanic; he last worked on April 16, 2021. R. 49-50, 52. Plaintiff lives with his parents. R. 69.

B.    <u>Plaintiff's Testimony</u>

At the January 25, 2024 administrative hearing, Plaintiff testified about his impairments. R. 49-72. He started experiencing stomach bloating, pain and generalized fatigue in late 2022. R.

---

[3] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 404.1520(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 404.1520(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 404.1520(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 404.1520(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, he is or is not disabled. *See* 20 C.F.R. § 404.1520(g).

62-63. Plaintiff went to the hospital, in December 2022; after undergoing an MRI, he was diagnosed with cirrhosis of the liver and was hospitalized. R. 63. During his hospitalization, he underwent paracentesis, which is the draining of ascites.[4] R. 63. Plaintiff still takes medication to prevent further development of ascites. R. 67. Additionally, his liver specialist has advised him to avoid certain prescribed medications, including pain medication, because they would adversely affect his liver. R. 65, 68. Plaintiff stated that he has not consumed any alcoholic beverages, since he was hospitalized in December 2022. R. 72.

Plaintiff suffers from post-traumatic stress disorder ("PTSD"), because of his combat experience in Iraq; he served for 18 months, starting in 2003. R. 55-56. Plaintiff's PTSD causes him to be hyper-vigilant and extremely distrustful of strangers. R. 60. On the rare occasions he leaves home, Plaintiff routinely checks the rooftops for snipers and, if anyone walks behind him, he becomes paranoid.[5] R. 60.

C.  Vocational Testimony

The VE stated that Plaintiff's past jobs as airplane and automobile mechanics were skilled[6] positions, normally performed at the medium[7] level of exertion, but performed by Plaintiff at the very heavy[8] level. R. 73. Next, the ALJ asked the VE to consider a person having Plaintiff's vocational profile, who is capable of light[9] work, with additional limitations. R. 73-74. The VE

---

[4] Ascites are accumulations of fluid in the peritoneal cavity. 20 C.F.R. Part 404, Subpart P, Appendix 1 § 5.00(C)(2)(b).
[5] Plaintiff provided additional testimony about his limitations, but, since this case is to be remanded based upon the ALJ's failure to apply properly Listed Impairment 5.05(B), it is unnecessary to summarize the rest of his testimony.
[6] "Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form. Quality, or quantity of material to be produced." 20 C.F.R. § 416.968(c). "Skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity." *Id.*
[7] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).
[8] "Very heavy work involves lifting object weighing more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds or more." 20 C.F.R. § 404.1567(e).
[9] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good

opined that this person could perform the following, unskilled[10] jobs: (1) photocopying machine operator, 30,000 positions in the national economy; (2) housekeeper, 391,000 positions in the national economy; and (3) checker, 47,000 positions in the national economy. R. 74. If that person was limited to sedentary[11] work, the VE identified three, unskilled jobs said individual could perform: (1) addresser, 26,000 positions in the national economy; (2) toy stuffer, 316,000 positions in the national economy; and (3) polisher of eyeglass frames, 62,000 positions in the national economy. R. 74-75. The VE further opined that employers would tolerate no more than two unscheduled absences per month and an employee being off-task no more than 15% of the time. R. 75. She verified that her testimony was consistent with the Dictionary of Occupational Titles ("DOT"). *Id.* Opinions regarding areas not covered by the DOT: absenteeism allowance, off-task allowance, and contact with the public, co-workers and supervisors, were based upon the VE's experience working with employers in the field. R. 75-76.

### III.   THE ALJ's FINDINGS

In her decision, the ALJ issued the following findings:

1. [Plaintiff] last met the insured status requirements of the Social Security Act on December 31, 2023.

2. [Plaintiff] did not engage in substantial gainful activity during the period from his alleged onset date of April 16, 2021 through his date last insured of December 31, 2023 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, [Plaintiff] had the following

---

deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

[10] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs." 20 C.F.R. § 404.1568(a).

[11] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary to carry out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

   severe impairments: alcohol abuse with cirrhosis, post-traumatic stress disorder (PTSD), major depressive disorder (MDD), generalized anxiety disorder (GAD), degenerative joint disease of the left knee, and degenerative disc disease of the lumbar spine (20 CFR 404.1520(c)).

4. Through the date last insured, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured [Plaintiff] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except occasional postural maneuvers, but no climbing ladders, ropes and scaffolds; occasional exposure to extreme cold and vibration; no exposure to hazards; routine tasks with detailed, but uninvolved instructions; no contact with the public, incidental interactions with co-workers, and occasional interactions with supervisors; and occasional changes in work processes or tasks.

6. Through the date last insured, [Plaintiff] was unable to perform any past relevant work (20 CFR 404.1565).

7. [Plaintiff] was born on February 4, 1979, and was 44 years old, which is defined as a younger individual age 18-49, on the date last insured (20 CFR 404.1563).

8. [Plaintiff] has at least a high school education (20 CFR 404.1564).

9. Transferability of skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is "not disabled," whether or not [he] has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering [Plaintiff's] age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that [he] could have performed (20 CFR 404.1569 and 404.1569a).

> 11. [Plaintiff] was not under a disability, as defined in the Social Security Act, at any time from April 16, 2021, the alleged onset date, through December 31, 2023, the date last insured (20 CFR 404.1520(g)).

R. 19-20, 22, 28-30.

## IV.    DISCUSSION

A.    Standard of Review

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed, if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ, and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.    Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that he is unable to engage in "any substantial gainful activity by reason of any

6

medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents him from returning to his past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that his impairment results in functional limitations to performing his past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given his age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.     Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process ("SEP"), the ALJ determined that, although Plaintiff could not perform his past relevant work, he, nevertheless, could perform a limited range of light work, and hence, was not disabled. R. 17-30. Plaintiff disputes the ALJ's decision and argues that she reversibly erred because she: (1) misapplied the requirements of Listed Impairment ("LI") 5.05(B), 20 C.F.R. Pt. 404, Subpart P, Appendix 1, § 5.05(B); and (2) failed to afford proper weight to the Veteran Administration's finding that Plaintiff has a 100% disability rating, based upon his PTSD. Pl. Br. at 2-16. The Commissioner counters that the ALJ properly reached her

non-disability decision. Resp. at 1-12. This court finds that Plaintiff's first argument has merit; therefore, it need not address his second argument.[12]

Plaintiff maintains that the ALJ committed reversible legal error when she found that he did not meet the requirements of LI 5.05(B). Pl. Br. at 2-9. As explained below, this court finds that the ALJ committed reversible legal error when applying the requirements of LI 5.05(B). Hence, this case must be remanded for proper application of the listing's requirements.

LI 5.05 is the listing for chronic liver disease. 20 C.F.R. Pt. 404, Subpart P, Appendix 1, § 5.05 (2024). Chronic liver disease is defined as "loss of liver function with cell necrosis, inflammation, or scarring of the liver that persists for more than **6 months**." 20 C.F.R. Pt. 404, Subpart P, Appendix 1, § 5.00(C)(1) (emphasis added). Cirrhosis is described as manifestation of chronic liver disease. § 5.00(C)(2)(a). Ascites are "a pathological accumulation of fluid in the peritoneal cavity." § 5.00(C)(2)(b). In order to meet LI 5.05(B), the claimant must have chronic liver disease and ascites, not attributable to other conditions, "present on two evaluations within a consecutive 12-month period and at least 60 days apart." § 5.05(B).

The ALJ found that Plaintiff suffers from cirrhosis, a severe impairment. R. 19. She did not specifically determine when his cirrhosis, or liver disease, commenced.[13] *See* R. 19-20. The ALJ also found that Plaintiff had ascites on at least two evaluations that were 60 days apart. R. 20. However, because Plaintiff only had ascites drained from December 2022 until March 2023, she concluded that he did not satisfy the 12-month durational requirement. R. 20. The ALJ's last finding constitutes legal error, because chronic liver disease need only exist for 6 months, not 12

---

[12] Plaintiff's meritorious argument requires that the ALJ reconsider her step three analysis. His second argument concerns the ALJ's evaluation of his residual functional capacity, which is only relevant, if the ALJ again finds that he does not satisfy a listing. Plaintiff's second argument may be moot upon remand; hence, it is not necessary to address it now.
[13] The ALJ seemed to equate cirrhosis with chronic liver disease. *See* R. 19-20. The court accepts that characterization for purposes of this opinion.

months. 20 C.F.R. Pt. 404, Subpart P, Appendix 1, § 5.00(C)(1). The 12 month period is simply the total period of time that can be considered to see if ascites are found. *Id.*, § 5.05(B). Herein, ascites were found six times between December 28, 2022 and March 27, 2023. The first and last are more than 60 days apart and they occur within a 12 month period. Hence, Plaintiff did satisfy the ascites requirement. The ALJ's finding to the contrary constitutes legal error.

Despite this error, it is not clear that Plaintiff satisfies the 6-month duration requirement for chronic liver disease. The ALJ failed to determine the date Plaintiff's chronic liver disease commenced or ended, if it has. Plaintiff contends that a June 14, 2023 abdominal ultrasound, which reveals cirrhotic liver morphology, Pl. Br. at 5 (citing R. 681), satisfies § 5.00(C)(1)'s 6-month durational requirement. Pl. Br. at 5. Plaintiff may be correct; however, this court is not empowered to weigh the record evidence and make the requisite findings of fact. *Rutherford*, 399 F.3d at 552 (citing *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)). Therefore, this case must be remanded so that the ALJ properly can determine whether, before his date last insured, Plaintiff met the **6-month** durational requirement for chronic liver disease. If the ALJ finds that Plaintiff met that requirement, he would be disabled.

An implementing order and order of judgment follow.